319 A.2d 348.

RUTH S. OLEVSON *vs.* SAMUEL A. OLEVSON.

MAY 17, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J. This cause involves the custody of the minor children of these parties. It is before this court on the father's appeal from an order of the Family Court

transferring the custody of the children from the father to the mother.

By final decree entered in 1967 the Family Court awarded the mother an absolute divorce and custody of the minor children of the parties, a boy and two girls, to the mother, subject to visitation rights by the father. He was ordered to pay a weekly sum for the support of the children.

The proceeding involves only the custody of the two girls. In August 1973 the father filed a petition to transfer the custody of the young girls, who were then 13 and 14 years of age, respectively, from the mother to the father. After a hearing, in which the mother did not oppose the transfer of custody, the Family Court, on October 9, 1973, entered an order transferring the custody to the father and continuing the matter to January 14, 1974. The order contains a provision stating that "[i]n the event of any problems this matter may be brought into Court sooner than January 14, 1974." No appeal was taken from this order.

Thereafter the Family Court held further hearings on the custody question on various days from November 6, 1973 to December 18, 1973. It appears from the transcript of those hearings that they were occasioned by the solicitude of all parties, including the trial justice who conducted the hearings, for the welfare and best interests of the children. At the conclusion of the hearing on December 18, 1973, the trial justice transferred custody of the children back to the mother. On December 20, 1973, an order to that effect was entered in the Family Court. It contains the trial justice's findings and other provisions not pertinent here. The matter is here on the father's appeal from that order.

In urging error, the father raises serious legal questions challenging the authority of the Family Court to change the custody of the children in the circumstances of this

case. On the view we take we need not discuss or determine the specific issues raised by him at this time.

We have read all of the transcripts and examined all of the exhibits. We do not feel that it would serve any useful purpose to discuss them here. There may be sufficient evidence in the record to warrant taking the children away from their father, because he is unable to devote the time and care necessary to guide and watch over them during this very difficult period of their lives. However, the record is not clear on the question of whether there is sufficient evidence in the record to warrant transferring the custody to the mother. We realize that everybody concerned agrees that the best interests of the children must be the determining factor. The difficulty here seems to be in determining how the best interests and welfare of the children may be achieved.

After considering the evidence and the arguments of counsel we believe that the best interests of these children will be served by remanding this matter to the Family Court for a hearing de novo on the question of custody. In the meantime, the order entered on December 20, 1973 will be kept in full force unless changed by the Family Court after a hearing or by agreement of the parties.

It is so ordered.

*Sanford H. Gorodetsky,* for appellee.

*Samuel A. Olevson,* appellant, pro se.